———————o———————

No. 4281.

Court of Appeal, Parish of Orleans.

STANDARD MARINE INSURANCE COMPANY, LTD., of Liverpool, Eng. VS. BOARD OF ASSESSORS, ET ALS.

1. Where judicial interpretation of a tax statute is necessary to determine whether or not the tax as demanded is imposed by law, the question of legality, vel non, of the tax is raised, and the appeal must be taken to the Supreme Court.

103

2. When the appeal in such case has been taken to this Court, it will not be dismissed, but will be transferred to the Supreme Court in accordance with the provisions of Act 56 of 1904.

Case transferred.

Appeal from Civil District Court, Division A.

Farrar, Jonas & Kruttschnitt, for Plaintiff and Appellant.

F. C. Zacharie, H. G. Dupre & G. H. Terriberry, for Defendant and Appellee.

ESTOPINAL, J. Plaintiff sues for a *reduction* and *cancellation* of its assessment, alleging that, notwtihstanding its sworn return made to the Board of Assessors for the Parish of Orleans, showing *that it owned and held in the city of New Orleans no property liable to assessment* under the laws of this State, the said Board put upon the assessment rolls of the year 1906, the following items of assessment against it, to-wit:

Money at interest, all credits, etc.......... $33,000.00
Money in possession ..................... 3,000.00

Total ............. .................$36,000.00

Plaintiff prays for judgment declaring said assessments against it of money at interest and all credits, etc., should be *reduced to nothing*, and that it be declared *not liable for any taxes* on said assessment. Passing from the recital of the substance of plaintiff's petition to the brief of counsel filed in this Court, we find the following argument:

"In the first place, we submit that the monthly bills collected by the plaintiff on the monthly declaration under its general contracts or insurance, are not the *kind of credits covered by the tax laws.* Credits within the meaning of the law are obligations, which represent taxable things which have changed their form, such as notes or open accounts for money loaned or property purchased."

From the above statement, it is manifest that this proceeding is one resisting the payment of a tax, not on the ground that it is excessive, but on the ground that the property assessed is not subject to taxation at all.

We are unable to determine whether the "credits" put upon the assessment rolls by the defendant Board of Assessors are

the kind of credits covered by the tax laws, without reference to the Revenue Act of 1898. The case presents the question of legality of the tax sought to be imposed, a matter which is not within our jurisdiction.

In the case of the State of Louisiana .vs. Rosenstream, Weiss & Co., 52 A. p. 2126, the Supreme Court said:

"The legality of a tax is brought in question when the contention is that there is no law to authorize its imposition. Its illegality is determined when it is held there is no law for its imposition, or that it is imposed in violation of law. The interpretation and construction of a tax law, with reference to whether or not the tax claimed under it is due, necessarily brings in question the legality of the tax. In such case the Constitution vests this Court, and it alone, with appellate jurisdiction."

To the same effect is State vs. Orfilla, 41 S. R. 227.

It is therefore ordered, adjudged and decreed that this appeal be transferred to the Supreme Court of the State of Louisiana, upon the appellant or his attorney of record, making out and filing with the clerk of this Court on or before the 30th day f March, 1908, his affidavit that the appeal herein was not taken for the purpose of delay, and further, upon said appellant lodging with the clerk of the Supreme Court of this State on or before the 20th day of April, 1908, a full and complete transcript of this case, made and certified to in the manner and form, required by the rules of the Supreme Court for transcripts taken directly to that Court, together with a certified copy of this opinion and decree and the affidavit herein referred to, all costs incurred in this Court to be taxed against the appellant.